UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>DARLENE C. SAMMARCO,<br><br>                 Plaintiff,<br><br>v.<br><br>CAL LUDEMAN, JANE MORROW,<br>DANIEL DAUTH, DERRINDA<br>MITCHELL, LINDA BOGUT,<br>DR. MICHAEL POPKIN,<br>TRACY ALLEN, KAREN FOY,<br>TOM MULLON,<br>DR. JONATHAN UECKER, and<br>DR. JAMES H. GILBERTSON,<br><br>                 Defendants. | Civil No. 09-880 (JRT/JJK)<br><br><br><br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Darlene C. Sammarco, 1307 52nd Avenue Northeast, Fridley, MN 55421, plaintiff *pro se*.

Linda L. Bogut, **BOGUT LAW OFFICE**, 3300 17th Avenue South, Minneapolis, MN 55407, for defendant Linda Bogut.

Michelle E. Weinberg, **FAEGRE & BENSON LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for defendant Dr. Michael Popkin.

This matter is before the Court on the objections of plaintiff Darlene C. Sammarco to a Report and Recommendation issued by United States Magistrate Judge Jeffrey J. Keyes on December 11, 2009. After a *de novo* review of the Report and Recommendation, *see* 28 U.S.C. § 636(b)(1); D. Minn. Local Rule 72.2(b), the Court

overrules the objections and adopts the Report and Recommendation for the reasons set forth below.

## BACKGROUND[1]

On March 19, 2009, Darlene Sammarco filed this qui tam suit against eleven defendants, including Linda Bogut and Dr. Michael Popkin. (Docket No. 1.) On July 2, 2009, the United States filed a notice of election to decline intervention. (Docket No. 5.) On August 10, 2009, Sammarco filed an amended complaint. (Docket No. 11.) The amended complaint sets forth a qui tam action arising out of alleged violations of the False Claims Act, and also alleges violations of the Federal Racketeering Influenced and Corrupt Organizations Act ("RICO"). On August 31, 2009, Popkin filed a motion to dismiss, (Docket No. 18), and on September 3, 2009, Bogut filed a motion to dismiss or for a more definite statement (Docket No. 21). Sammarco's response to Bogut's motion includes a section titled "Defendant Bogut Further Definitive Statements." (Response to Mot. to Dismiss Pleadings and/or [for a] More Definite Statement at 4-18, Docket No. 27.)

As the Magistrate Judge noted in the Report and Recommendation, "[t]he Amended Complaint is, at best, confusing." (Report & Recommendation at 3, Docket No. 119.) The amended complaint "generally alleges that the State of Minnesota has been defrauding the United States by obtaining federal funds for the operation of state

---

[1] The factual and procedural record of this case is detailed in the Magistrate Judge's Report and Recommendation. (Docket No. 119.) The Court here repeats only those details relevant to consideration of Sammarco's objections currently before the Court.

mental-health institutions and other facilities where individuals with mental illnesses are housed, forced to take psychiatric medications, and undergo other treatments that [Sammarco] finds abhorrent." (*Id.*)  The amended complaint also makes reference to the conservatorship of Joanne Riebel.  (*Id.*)  The Magistrate Judge noted that Riebel "is apparently [Sammarco's] daughter, and . . . has been housed at the Hennepin County Medical Center Psychiatric Ward ("HCMC") and at the Anoka State Hospital." (*Id.*)

Popkin is a psychiatric doctor at HCMC.  The amended complaint alleges that in 2002 a state court judge signed an order permitting the administration of electroconvulsive therapy to Riebel, pursuant to Popkin's petition recommending the treatment.  The amended complaint alleges that the petition for treatment was false and caused Riebel to have seizures.

According to the amended complaint, in 2002 Bogut represented Derrinda Mitchell, who was Riebel's conservator.  The complaint alleges that Bogut and Mitchell are also liable for bringing the allegedly false petition for treatment.  The complaint further alleges that Bogut and Mitchell failed to file an annual accounting in 2002 relating to the conservatorship.

Popkin and Bogut move to dismiss the claims asserted against them.  With respect to the False Claims Act allegations, Popkin argues that the statute of limitations bars Sammarco's suit, that Sammarco cannot maintain the qui tam suit as a *pro se* relator, and that Sammarco has failed to state a claim on which relief may be granted.  With respect to the RICO claims, Popkin argues that the statute of limitations bars Sammarco's suit, that Sammarco fails to state a claim on which relief may be granted, and that Sammarco lacks

standing to bring a RICO claim. (Mem. in Supp. of Popkin's Mot. to Dismiss at 4-11, Docket No. 20.) Bogut argues that Sammarco has failed to state a claim on which relief can be granted and that Sammarco has not identified any alleged racketeering activity in which Bogut engaged. (Mot. to Dismiss Pleadings and/or for a More Definite Statement, Docket No. 21.)

On December 11, 2009, the Magistrate Judge filed a Report and Recommendation recommending that the Court grant both motions and dismiss with prejudice all claims against Popkin and Bogut. (Docket No. 119.) The Report and Recommendation recommends that the Court find that the amended complaint fails to state a claim against Popkin under the False Claims Act because it does not allege that he ever submitted a claim for payment or approval to the United States and because it does not allege that Popkin intended that any allegedly false record or statement be material to the government's decision to approve the allegedly false claim. (*Id.* at 9-10.) It further concludes that Sammarco fails to state a claim because she has offered no support "for the proposition that an individual can be held liable for the submission of a false claim by a State." (*Id.* at 10.)

The Report and Recommendation also recommends that the Court find that the six-year statute of limitations bars Sammarco's False Claim Act claims against Popkin. (*Id.* at 11-12.) The Report and Recommendation notes that the amended complaint concedes that Sammarco was aware of Popkin's therapy recommendation in 2002. (*Id.* at 12.) The Report and Recommendation notes that there is no support for Sammarco's argument that the doctrine of respondeat superior tolls the limitations period, and that the

amended complaint does not allege that Popkin is liable under a theory of respondeat superior. (*Id.* at 12-13.) The Report and Recommendation also concludes that there is no basis for tolling the statute of limitations based on Riebel's disability. (*Id.* at 13.)

The Report and Recommendation recommends dismissing Sammarco's False Claims Act claims because the Court lacks subject matter jurisdiction to hear a qui tam action brought on behalf of the United States by a party proceeding *pro se* where the United States has declined to intervene. (*Id.* at 14-16.)

The Report and Recommendation further recommends dismissing the RICO claims asserted in the amended complaint against Popkin for failure to state a claim for which relief can be granted. (*Id.* at 16-17.) The Report and Recommendation notes that there are no factual allegations that Popkin ever committed an act that would amount to a RICO violation or that Popkin engaged in or was part of an enterprise engaging in a pattern of RICO violations. (*Id.* at 16.) The Report and Recommendation also recommends that the Court find that Sammarco lacks standing to bring a RICO claim against Popkin because she has not pleaded any facts that she suffered any concrete financial loss. (*Id.* at 17.) The Report and Recommendation further concludes that the four-year statute of limitations bars Sammarco's RICO claims against Popkin. (*Id.* at 17.)

With respect to Bogut's motion, the Report and Recommendation recommends that the Court find that the amended complaint fails to state a claim against Bogut under the False Claim Act because neither the complaint nor Sammarco's response to Bogut's motion alleges that Bogut ever filed a claim for funds from the federal government. (*Id.* at 18-19.) The Report and Recommendation further notes that "all of [Sammarco's]

amended complaint does not allege that Popkin is liable under a theory of respondeat superior. (*Id.* at 12-13.) The Report and Recommendation also concludes that there is no basis for tolling the statute of limitations based on Riebel's disability. (*Id.* at 13.)

The Report and Recommendation recommends dismissing Sammarco's False Claims Act claims because the Court lacks subject matter jurisdiction to hear a qui tam action brought on behalf of the United States by a party proceeding *pro se* where the United States has declined to intervene. (*Id.* at 14-16.)

The Report and Recommendation further recommends dismissing the RICO claims asserted in the amended complaint against Popkin for failure to state a claim for which relief can be granted. (*Id.* at 16-17.) The Report and Recommendation notes that there are no factual allegations that Popkin ever committed an act that would amount to a RICO violation or that Popkin engaged in or was part of an enterprise engaging in a pattern of RICO violations. (*Id.* at 16.) The Report and Recommendation also recommends that the Court find that Sammarco lacks standing to bring a RICO claim against Popkin because she has not pleaded any facts that she suffered any concrete financial loss. (*Id.* at 17.) The Report and Recommendation further concludes that the four-year statute of limitations bars Sammarco's RICO claims against Popkin. (*Id.* at 17.)

With respect to Bogut's motion, the Report and Recommendation recommends that the Court find that the amended complaint fails to state a claim against Bogut under the False Claim Act because neither the complaint nor Sammarco's response to Bogut's motion alleges that Bogut ever filed a claim for funds from the federal government. (*Id.* at 18-19.) The Report and Recommendation further notes that "all of [Sammarco's]

allegations against Bogut are of a vague and conclusory nature insufficient to satisfy the pleading requirements for claims grounded in fraud under Fed. R. Civ. P. 9(b)." (*Id.*) The Report and Recommendation further recommends dismissing Sammarco's RICO claims against Bogut for failure to state a claim because the amended complaint does not allege that Bogut ever engaged in any racketeering activity. (*Id.* at 19.)

On December 15, 2009, Sammarco filed a "Notice of Motion and Motion for Review of Magistrate Keyes['] Report and Recommendation for dismissal with prejudice against Bogut and Popkin and the removal of Judge Tunheim and Keyes for bias." (Docket No. 129.) On December 17, 2009, Sammarco filed a "Petition for Reconsideration of Magistrate Keyes['] Report & Recommendation to Dismiss Lawsuit against Linda Bogut & Psychiatrist Michael Popkin." (Docket No. 130.) On January 5, 2010, Sammarco filed another "Notice of Motion and Motion for Review of Magistrate Keyes['] Report and Recommendation for dismissal with prejudice against Bogut and Popkin and the removal of Judge Tunheim and Keyes for bias." (Docket No. 143.) The Court construes these documents collectively as Sammarco's objections to the Magistrate Judge's Report and Recommendation.

Sammarco's objections do not address any of the substantive recommendations in the Report and Recommendation. First, she suggests that Assistant United States Attorney Chad Blumenfield improperly "refuses to represent plaintiff United States of America in this Qui-tam, RICO, Retaliation Lawsuit." (Petition for Reconsideration at 1, Docket No. 130.) Second, she criticizes the Magistrate Judge for "his representation of Defendants Linda Bogut and Psychiatrist Michael Popkin in this lawsuit." (*Id.*)

Sammarco alleges, without any evidentiary support, that the Magistrate Judge enlisted the assistance of another Magistrate Judge to prepare the Report and Recommendation. (*Id.*) Third, Sammarco appears to argue that there was never a final judgment in another qui tam action she brought, and therefore that case cannot have any preclusive effect in the case currently before the Court. (*Id.*) She appears to argue that she is entitled to a "new trial" in that other action. (*Id.* at 2.) Fourth, Sammarco argues that the Report and Recommendation "disregarded" Sammarco's response to Bogut's request for a more definite statement. (*Id.*) Fifth, Sammarco argues that the Magistrate Judge improperly struck several dispositive motions that Sammarco had filed. (*Id.*) Sixth, Sammarco argues that the Court improperly denied her requests that the Magistrate Judge be removed from the case "for bias," claiming that Sammarco "has a right to recuse a magistrate from the case." (*Id.*) The Court addresses each of Sammarco's objections in turn.

## ANALYSIS

I.  SAMMARCO'S OBJECTIONS[2]

    A.  **The United States' Decision Not to Intervene**

The United States has discretion to elect not to intervene in any qui tam action. On July 2, 2009, Assistant United States Attorney Chad A. Blumenfield, on behalf of the

---

[2] The Court, in reviewing a complaint under a Rule 12(b)(6) motion to dismiss, applies the standards set forth in *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Because Sammarco's objections to the Report and Recommendation do not relate to the grounds for the motions to dismiss, and because the Court finds that the Report and Recommendation properly applied the *Iqbal* and *Twombly* standards, the Court does not discuss those standards in any further detail.

United States, notified the Court that the United States had decided not to intervene in this action. (Government's Notice of Election to Decline Intervention at 1, Docket No. 5.) Sammarco suggests that Blumenfield's actions were somehow improper, but the False Claims Act authorizes the United States to "decline[] to take over the action." 31 U.S.C. § 3730(b)(4)(B). Sammarco's objection is without merit.

### B. Sammarco's Criticisms of the Magistrate Judge

Sammarco's criticisms of the Magistrate Judge are unfounded. Sammarco contends that the Magistrate Judge "lacks judicial knowledge and experience to represent the Federal Court in this lawsuit, as shown in his representation of Defendants Linda Bogut and Psychiatrist Michael Popkin in this lawsuit." (Petition for Reconsideration at 1, Docket No. 130.) The Magistrate Judge does not "represent" any of the defendants in this action. He recommends that the Court dismiss Sammarco's claims against Bogut and Popkin, and federal law authorizes him to make that recommendation. 28 U.S.C. § 636(b)(1)(B). Sammarco's criticisms of the Magistrate Judge have no basis in law or fact.

### C. Sammarco's Previous Qui Tam Action

The Magistrate Judge's Report and Recommendation is not based on issue or claim preclusion, and therefore Sammarco's argument that her previous qui tam action lacks preclusive effect is irrelevant. Sammarco further contends that she is entitled to a "new trial" in that previous action, but this Court cannot provide such relief. Sammarco brought the case currently before the Court on March 19, 2009, and the Court has not

United States, notified the Court that the United States had decided not to intervene in this action. (Government's Notice of Election to Decline Intervention at 1, Docket No. 5.) Sammarco suggests that Blumenfield's actions were somehow improper, but the False Claims Act authorizes the United States to "decline[] to take over the action." 31 U.S.C. § 3730(b)(4)(B). Sammarco's objection is without merit.

### B. Sammarco's Criticisms of the Magistrate Judge

Sammarco's criticisms of the Magistrate Judge are unfounded. Sammarco contends that the Magistrate Judge "lacks judicial knowledge and experience to represent the Federal Court in this lawsuit, as shown in his representation of Defendants Linda Bogut and Psychiatrist Michael Popkin in this lawsuit." (Petition for Reconsideration at 1, Docket No. 130.) The Magistrate Judge does not "represent" any of the defendants in this action. He recommends that the Court dismiss Sammarco's claims against Bogut and Popkin, and federal law authorizes him to make that recommendation. 28 U.S.C. § 636(b)(1)(B). Sammarco's criticisms of the Magistrate Judge have no basis in law or fact.

### C. Sammarco's Previous Qui Tam Action

The Magistrate Judge's Report and Recommendation is not based on issue or claim preclusion, and therefore Sammarco's argument that her previous qui tam action lacks preclusive effect is irrelevant. Sammarco further contends that she is entitled to a "new trial" in that previous action, but this Court cannot provide such relief. Sammarco brought the case currently before the Court on March 19, 2009, and the Court has not

United States, notified the Court that the United States had decided not to intervene in this action. (Government's Notice of Election to Decline Intervention at 1, Docket No. 5.) Sammarco suggests that Blumenfield's actions were somehow improper, but the False Claims Act authorizes the United States to "decline[] to take over the action." 31 U.S.C. § 3730(b)(4)(B). Sammarco's objection is without merit.

### B. Sammarco's Criticisms of the Magistrate Judge

Sammarco's criticisms of the Magistrate Judge are unfounded. Sammarco contends that the Magistrate Judge "lacks judicial knowledge and experience to represent the Federal Court in this lawsuit, as shown in his representation of Defendants Linda Bogut and Psychiatrist Michael Popkin in this lawsuit." (Petition for Reconsideration at 1, Docket No. 130.) The Magistrate Judge does not "represent" any of the defendants in this action. He recommends that the Court dismiss Sammarco's claims against Bogut and Popkin, and federal law authorizes him to make that recommendation. 28 U.S.C. § 636(b)(1)(B). Sammarco's criticisms of the Magistrate Judge have no basis in law or fact.

### C. Sammarco's Previous Qui Tam Action

The Magistrate Judge's Report and Recommendation is not based on issue or claim preclusion, and therefore Sammarco's argument that her previous qui tam action lacks preclusive effect is irrelevant. Sammarco further contends that she is entitled to a "new trial" in that previous action, but this Court cannot provide such relief. Sammarco brought the case currently before the Court on March 19, 2009, and the Court has not

held a trial on Sammarco's claims. This Court therefore cannot presently provide Sammarco with a "new trial."

D. **Sammarco's More Definite Statement**

The Report and Recommendation properly considered Sammarco's response to Bogut's request for a more definite statement. Sammarco claims that the Report and Recommendation "disregarded" Sammarco's response to Bogut's request for a more definite statement and Sammarco's response to another defendant's request for a more definite statement. (Petition for Reconsideration at 2, Docket No. 130.) The Report and Recommendation notes that Sammarco "filed a Response to Defendant Linda Bogut Motion to Dismiss Pleadings and/or More Definite Statement, in which Plaintiff purported to provide the more definite statement." (Report & Recommendation at 18, Docket No. 119.) The Magistrate Judge considered the substance of Sammarco's response and based his recommendation in part on that response. (*Id.* at 18-19.)

Sammarco's response to another defendant's request for a more definite statement was not before the Magistrate Judge on Bogut's motion to dismiss. Moreover, the only references to Bogut in that response state, "COUNT 54 TO 56 = ATTORNEY LINDA BOGUT," "COUNT 81 = ALL DEFENDANTS," and "PAGES 79 TO 83 = FOOTNOTES FN1 TO 29, ALL DEFENDANTS." (Plaintiff Sammarco Response to Defendant Lead Counsel Asst. MN. Atty. Gen. Barbara Berg Windels Mot. for Definite Statement at 2, Docket No. 118.) The Court has carefully examined the amended complaint, which does not include anything labeled as a "count," and which consists of forty-four pages and does not contain any footnotes. The Court concludes that

Sammarco's response does not rectify any deficiencies in the amended complaint with respect to Sammarco's claims against Bogut.

E. **The Magistrate Judge's Order Striking Sammarco's Dispositive Motions**

The Magistrate Judge properly struck several of Sammarco's dispositive motions for failure to comply with the local rules, and the Court affirmed the Magistrate Judge's order. Sammarco argues that the Magistrate Judge "struck Relator Sammarco's motions from the file, which he had no right to do as a magistrate . . . . These Motions should have been referred to Article III Judge John Tunheim." (Petition for Reconsideration at 2, Docket No. 130.) Sammarco is correct, to the extent that she argues that a Magistrate Judge may not "hear and determine" motions "for injunctive relief, for judgment on the pleadings, for summary judgment, . . .to dismiss or to permit maintenance of a class action, [or] to dismiss for failure to state a claim upon which relief can be granted." 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge did not "hear and determine" those motions, but simply struck them for failure to comply with the local rules. (Order Denying Pl.'s Mots. at 2, Docket No. 124.) The Magistrate Judge's order striking Sammarco's motion stated that Sammarco may "renew[] any of these motions or fil[e] any future motion that complies with the Local Rules and the Federal Rules of Civil Procedure." (*Id.* at 3.) The Court affirmed the Magistrate Judge's non-dispositive order striking Sammarco's motions. (*Id.* at 1-3.) Sammarco may not seek a second appeal from that order as part of what the Court construes as her objections to the Report and Recommendation.

### F. Sammarco's Request to Recuse or Remove the Magistrate Judge

Sammarco does not have a "right" to recuse or remove the Magistrate Judge. The Court has three times denied Sammarco's motions to remove the Magistrate Judge from this case. (*See id.* at 2-3; Docket Nos. 106, 116.) Sammarco has identified no basis for her claim that she has a right to force the Magistrate Judge to recuse himself, and the Court finds that Sammarco's claim is without merit.

## II. SAMMARCO'S MOTION FOR REMOVAL OF JUDGE TUNHEIM AND MAGISTRATE JUDGE KEYES

Sammarco's first and third responses to the Report and Recommendation are titled, "Notice of Motion and Motion for Review of Magistrate Keyes['] Report and Recommendation for dismissal with prejudice against Bogut and Popkin and the removal of Judge Tunheim and Keyes for bias." (Docket No. 129; Docket No. 143.) Out of an abundance of caution, the Court construes these motions as a motion for recusal. Sammarco has failed to identify any "personal bias or prejudice arising from an extrajudicial source," *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989), and therefore there is no basis for recusal.

The Court has carefully reviewed the Report and Recommendation and finds it fully supported by the law and the record in this case. Accordingly, the Court overrules Sammarco's objections and adopts the Magistrate Judge's Report and Recommendation.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Sammarco's objections [Docket No. 130] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated December 11, 2009 [Docket No. 119]. **IT IS HEREBY ORDERED** that:

1. Defendant Michael Popkin's Motion to Dismiss [Docket No. 18] is **GRANTED**;

2. Defendant Linda Bogut's Motion to Dismiss [Docket No. 21] is **GRANTED**;

3. All claims against defendants Michael Popkin and Linda Bogut are **DISMISSED WITH PREJUDICE**; and

4. Plaintiff Darlene Sammarco's "Motion for Review of Magistrate Keyes['] Report and Recommendation for dismissal with prejudice against Bogut and Popkin and the Removal of Judge Tunheim and Keyes" [Docket No. 129] is **DENIED**.

5. Plaintiff Darlene Sammarco's "Motion for Review of Magistrate Keyes['] Report and Recommendation for dismissal with prejudice against Bogut and Popkin and the removal of Judge Tunheim and Keyes for bias [Docket No. 143] is **DENIED**.

DATED: February 25, 2010  
at Minneapolis, Minnesota.

                                                                         s/ John R. Tunheim  
                                                                      JOHN R. TUNHEIM  
                                                               United States District Judge